Case is Dismissed without Prejudice.
Dated: 3/18/2014

*GRANTED*
*Judge Maria-Elena James*

1  **AKERMAN LLP**
   KAREN PALLADINO CICCONE (SBN 143432)
2  Email: karen.ciccone@akerman.com
   SHIRAZ SIMONIAN (SBN 247150)
3  Email: shiraz.simonian@akerman.com
   725 South Figueroa Street, 38th Floor
4  Los Angeles, California 90017-5433
   Telephone: (213) 688-9500
5  Facsimile: (213) 627-6342

6  Attorneys for Plaintiff
   SEGA OF AMERICA, INC.
7

8                 UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10



11 | SEGA OF AMERICA, INC., a California | Case No. 3:14-CV-00496-MEJ
12 | Corporation,                        |
13 |             Plaintiff,              | **PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(i)**
14 | vs.                                 |
15 |                                     |
16 | GAMEWORKS ENTERTAINMENT, LLC, A Nevada Limited Liability Company; and SEGA GAMEWORKS U.S.A. INC., a Delaware Corporation, |
17 |                                     |
18 |             Defendants.             |

## PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE

PLEASE TAKE NOTICE that Plaintiff SEGA OF AMERICA, INC. ("Sega"), pursuant to Federal Rule of Civil Procedure 41(a)(1), hereby voluntarily dismisses all claims in this action without prejudice as to all Defendants for the purpose of re-filing the action in state court. Rule 41(a)(1) states, in relevant part, that:

{28335460;1}                              1                    CASE NO. 3:14-CV-00496-MEJ

(a) **Voluntary Dismissal.**

(1) *By the Plaintiff.*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment

Defendants have neither answered Plaintiff's Complaint, nor filed a motion for summary judgment. The Defendants' Motion to Dismiss does not constitute an answer under Rule 41 and therefore Sega may terminate this action voluntarily. *See Daly v. Pearl Spirits, Inc.* 2009 WL 1765670, at * 3 (June 19, 2009) (even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)) (citing *Concha v. London,* 62 F. 3d 1493, 1506 (9th Cir.1995); *see also Miller v. Reddin,* 422 F. 2d 1264, 1265 (9th Cir. 1970) (same).

Accordingly, this matter may be dismissed without prejudice and without an Order of the Court.

Sega makes note that the Defendants seek attorney's fees in their Motion to Dismiss. (*See* Motion to Dismiss, D.E. 8, at p. 8). Defendants are not entitled to an award of attorneys because:

- It appears that there is not complete diversity between the parties. Unbeknown to Sega at the time this case was filed, Defendant Gameworks Entertainment, LLC's ("GWE") now asserts its members

are residents of California. The identity of GWE's members is not public information and Sega, in good faith, made its allegations based on the manner in which Gameworks Entertainment, LLC appears to hold out to the public that it is a citizen of the State of Nevada. Thus, where there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law that lack of jurisdiction bars an award of attorney's fees. *See Smith v. Brady*, 972 F. 2d 1095, 1097 (9th Cir.1992) (holding that where a district court lacks jurisdiction over the underlying suit, it also lacks authority to award attorney's fees).

- Even if the Court determines it has the power to rule on the request for attorney's fees, the Defendants are still not entitled to an award because the Defendants' only basis for an entitlement to attorney's fees is a provision in a Stock Purchase Agreement between the parties. However, this action does not arise out of a written contract as a claim for implied contractual indemnity is a form of equitable indemnity and is characterized by California courts as "noncontract claim." *See Prince v. Pacific Gas & Electrinc Co.* (2009) 45 Cal. 4th 1151, 1157 (implied contractual indemnity is viewed simply as a form of equitable indemnity); *see also Sprewell v. Jurjevic, et al.*, 2011 WL 1260430, Cal. Rptr. 3d (April 5, 2011) (finding that a claim for equitable indemnity is characterized as a noncontract claim and discussing in depth the anomalous results which would result from treating an implied contractual indemnity claim as a contract claim); *Exxess Electronixx v. Heger Realty Corp.*, (1998) 75 Cal. Rptr. 2d 376 (finding that claim for contribution and indemnity based in equity did not fall within the scope of the attorney's fee provision in an underlying lease).

- Even if the Court were to determine that the underlying action was based in contract, attorney's fees are not recoverable in a contract action that technically terminates but can be brought again in another forum. *See e.g. In re Estate of Drummond* (2007) 149 Cal. App. 4th 46, 52-53 (party seeking attorney's fees had "at no time won a victory 'on the contract'" and had "only succeeded at moving a determination on the merits form one forum to another"). A party is entitled to contractual attorney's fees only when it is the "prevailing party," which is determined only upon final resolution of the contract claims. *See Hsu v. Abbara*, (1995) 9 Cal. 4th 863. The federal district courts are uniform in denying attorney's fees where a non-merits decision results in dismissal of a contract claim. *See e.g. Vistan Corp. v.*

*Fadei, USA, Inc.* (N.D. Cal. April 2, 2013) (denying request for attorney's fees because the contract claim was dismissed for lack of subject matter jurisdiction and therefore never seriously litigated); *Laurel Village Bakery, LLC v. Global Payments Direct, Inc.*, 2007 WL 4410396, at *4 (N.D. Cal. Dec. 14, 2007) (denying request for attorney's fees following dismissal for improper venue because no decision has been reached on the merits of the plaintiff's contract claims); *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005) ("[T]his Court's dismissal for lack of subject matter jurisdiction in federal court did not foreclose the possibility that Plaintiff could pursue its contract claims in state court. Thus, it remains to be seen which entity is the 'prevailing party' on Plaintiff's contract action."); *N.R. v. San Ramon Valley Unified Sch. Dist.*, 2006 WL 1867682, at *7 (N.D. Cal. July 6, 2006) (finding that while the defendant prevailed in the "action" by successfully arguing that the court lacked jurisdiction, it did not prevail "on the contract claim" and therefore fees were not appropriate).

- Finally, the Defendants have not alleged that there is any statutory basis which exists to support the Defendants' request for attorney's fees.

All attorneys' fees and costs of court are to be borne by the party that incurred them

DATED: March 18, 2014         **AKERMAN LLP**

By: <u>/s/ Shiraz Simonian</u>
     Karen P. Ciccone
     Shiraz Simonian
     David I. Spector
     *Pro Hac Vice To Be Filed*
Attorneys for Plaintiff
SEGA OF AMERICA, INC.